## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

CATALYST CONSULTING GROUP, INC.)
                           )
        Plaintiff,             )
                           )
v.                          )     Case No. 2025-cv-4289
                           )
TIMOTHY SMITH and NICOLE SMITH,  ) Cook County Case No. 2025CH 04094
                           )
        Defendants.         )

### NOTICE OF REMOVAL

Defendants Timothy Smith and Nicole Smith ("Removing Defendants"), by their undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby file this Notice of Removal of the above-captioned action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois. In support of this Notice, Removing Defendants state as follows:

**1. State Court Action:** On or about April 11, 2025, Plaintiff Catalyst Consulting Group, Inc. ("Plaintiff") filed a Verified Complaint in the Circuit Court of Cook County, Illinois, styled *Catalyst Consulting Group, Inc. v. Timothy Smith and Nicole* Smith, Case No. 2025CH04094 (the "State Court Action").

**2. Parties:** (a)  Plaintiff Catalyst Consulting Group, Inc. is an Illinois corporation with its principal place of business in Chicago, Illinois; (2) - Defendant Timothy Smith is a citizen of the State of Indiana and domiciled in Indiana; (3)  Defendant Nicole Smith is a citizen of the State of Indiana and domiciled in Indiana.

1

Provisio Partners Illinois, LTD. is named as a Respondent in Discovery and not as a defendant. *Torrijos v. Int'l Paper Co.,* 191 N.E.3d 182, 2021 IL App (2d) 191150 (2d Dist. 2021) clarifies that respondents in discovery are not considered parties for the purposes of diversity jurisdiction (191 N.E.3d at 190-191). Therefore, the presence of Provisio Partners Illinois, LTD. as a respondent in discovery does not affect the removal of the case to federal court under 28 U.S.C. § 1332, which requires complete diversity between plaintiffs and defendants.

**3.      Basis      for      Removal      –      Diversity      Jurisdiction:** This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff (Illinois) and Defendants (Indiana), and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks compensatory damages, punitive damages, and injunctive relief arising out of alleged breaches of fiduciary duty, aiding and abetting, and fraud, and has certified pursuant to Illinois Supreme Court Rule 222(b) that the amount in controversy exceeds $50,000. Given the nature of the claims and requested relief, the amount in controversy requirement is satisfied. This court has subject matter jurisdiction over all cases where the amount in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a).

**4. Timeliness:** This Notice is timely filed within thirty (30) days of service of the Complaint, as required by 28 U.S.C. § 1446(b).

**5. Venue:** Venue is proper in the United States District Court for the Northern District of Illinois because the State Court Action was filed in Cook County, Illinois, which lies within this judicial

district.

**6. State Court Documents:** Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and documents in the State Court Action are attached hereto as follows:

- Exhibit A:     Docket from the State Court Action;

- Exhibit B:     Complaint from the State Court Action;

**8.      Notice     to     State     Court     and     Adverse     Parties:** Contemporaneously with the filing of this Notice of Removal, Removing Defendants are serving a copy of this Notice upon Plaintiff's counsel and filing a copy with the Clerk of the Circuit Court of   Cook   County,   Illinois,   as   required   by   28   U.S.C.   §   1446(d). Consent of All Defendants    Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." In this case no other Defendants have been served or joined.

WHEREFORE, Defendants Timothy Smith and Nicole Smith respectfully remove this action to the United States District Court for the Northern District of Illinois and request such further relief as the Court deems just and proper.

April 19, 2025             Respectfully submitted,

**TIMOTHY SMITH AND NICOLE SMITH**
Defendants

By:      *Alexander Loftus*

               One of Their Attorneys

Alexander Loftus, Esq.
Rebecca Weissman, Esq.
LOFTUS & EISENBERG, LTD.
161 N. Clark St., Suite 1600
Chicago, Illinois 60601
T: 312.899.6625
alex@loftusandeisenberg.com
rebecca@loftusandeisenberg.com

### CERTIFICATE OF SERVICE

I, Alexander N. Loftus, an attorney, hereby certify that on April 19, 2025, I caused a true and correct copy of the foregoing document to be served via email and first class mail upon the following:

Michael Haeberle
David Moskowitz
Patterson Law Firm, LLC
200 W. Monroe St., Suite 2025
Chicago, IL 60606
mhaeberle@pattersonlawfirm.com
dmoskowitz@pattersonlawfirm.com
cmarte@pattersonlawfirm.com
*Attorneys for Plaintiff Catalyst*

By: /s/ *Alexander N. Loftus*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

CATALYST CONSULTING GROUP, INC. )
                                )
      Plaintiff,            )
                                )
v.                             )     Case No. 2025-cv-4289
                                )
TIMOTHY SMITH and NICOLE SMITH,  ) Cook County Case No. 2025CH 04094
                                )
      Defendants.      )

# EXHIBIT "A"

## District 1

# Case Summary

## Case No. 2025CH04094

| | | |
|---|---|---|
| **Catalyst Consulting Group, Inc.-vs-Timothy Smith,Nicole Smith** | §<br>§<br>§<br>§ | Location: **District 1**<br>Judicial Officer: **Calendar, 6**<br>Filed on: **04/11/2025**<br>Cook County Attorney Number: **45052** |

---

## Case Information

Case Type:  General Chancery
Case Status:  **04/11/2025  Pending**

---

## Assignment Information

**Current Case Assignment**
Case Number        2025CH04094
Court              District 1
Date Assigned      04/11/2025
Judicial Officer   Calendar, 6

---

## Party Information

*Lead Attorneys*

**Plaintiff**    **Catalyst Consulting Group, Inc.**    **Haeberle, Michael Demuri**
*Retained*

**Defendant**    **Smith, Nicole**

**Smith, Timothy**

---

## Events and Orders of the Court

06/10/2025    **Case Management**    (9:30 AM)    (Judicial Officer: Stanton, Patrick T)
           Resource: Location CH2508 Court Room 2508
           Resource: Location D1 Richard J Daley Center

04/11/2025    New Case Filing

04/11/2025

General Chancery Filed (Jury Demand)
           *Complaint*
           Party:    Plaintiff Catalyst Consulting Group, Inc.
           Party 2:    Attorney Matyas, Jordan David
           *Complaint*

04/11/2025

Summons Issued And Returnable
           *Summons*
           Party:    Plaintiff Catalyst Consulting Group, Inc.
           Party 2:    Attorney Matyas, Jordan David
           *Summons*

04/11/2025

Summons Issued And Returnable
           *Summons*
           Party:    Plaintiff Catalyst Consulting Group, Inc.
           Party 2:    Attorney Matyas, Jordan David
           *Summons*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

CATALYST CONSULTING GROUP, INC.)
                                )
        Plaintiff,          )
                                )
v.                              )     Case No. 2025-cv-4289
                                )
TIMOTHY SMITH and NICOLE SMITH, ) Cook County Case No. 2025CH 04094
                                )
        Defendants.     )

# EXHIBIT "B"

Hearing Date: 6/10/2025 9:30 AM
Location: Court Room 2508
Judge: Stanton, Patrick T

For updated information about your case, including hearings, subsequent filings
and other case information, please visit our Online Case Search
and search for your case: https://casesearch.cookcountyclerkofcourt.org

**12-Person Jury**

FILED
4/11/2025 11:52 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH04094
Calendar, 6
32236776

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| Catalyst Consulting Group, Inc., | |
| Plaintiff | Case# 2025CH04094 |
| v. | **JURY TRIAL DEMANDED** |
| Timothy Smith and Nicole Smith | |
| Defendants | |
| And | |
| Provisio Partners Illinois, LTD., | |
| Respondent in Discovery | |

### Verified Complaint

Plaintiff, Catalyst Consulting Group, Inc., ("Catalyst") by and through its

counsel, Patterson Law Firm, LLC, complains against Defendants,

Timothy and Nicole Smith, and Respondent in Discovery, Provisio

Partners Illinois, LTD. ("Proviso"), as follows:

### Parties & Jurisdiction

1.  Catalyst Consulting Group is an Illinois corporation with its primary

place of business at 211 West Wacker Dr., Suite 400, Chicago, IL 60606.

2.  Nicole Smith is a citizen of Indiana who worked at Catalyst in Cook

County.

3.  Timothy Smith is a citizen of Indiana who worked at Catalyst in Cook

County.

4.  Provisio is an Illinois company conducting business at 325 N Wells

St, Suite 100, Chicago, IL 60654.

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

5.   Venue is proper in this Court pursuant to 735 ILCS 5/2-101 of the Illinois Code of Civil Procedure, in that a substantial part of the events giving rise to the claims asserted herein occurred in Cook County, Illinois.

**Facts**
**Catalyst's Business**

6.   Catalyst is a family-owned company that is certified as a Minority Business Enterprise ("MBE") that has been in business for almost 33 years, providing various technological services, such as customer relationship, case management, app development, and web design services, to businesses and government entities.

7.   Catalyst operates primarily in the Chicago area, but it also does business across the United States and in Canada.

8.   Over the course of its operations, Catalyst has expended substantial efforts and funds building a client base.

9.   Over the course of its operations, Catalyst has expended substantial efforts and funds recruiting and developing talent and human capital in an industry where talent is critical to success, in short supply, in high demand, and where they are looking for individuals with very unique skills.

10.  Catalyst takes measures to protect its clients' identities, not only to protect client confidentiality given the nature of the services provided, but also to protect its business interest in its client, which is an important asset of the business.

2

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

11. Catalyst has an ongoing relationship with many of its clients and provides services to clients year after year.

12. To protect these critical assets, Catalyst limits access to both client information and applicant information to employees who need to know the information.

13. Timothy Smith, due to his position at Catalyst, needed and had access to the client information for all clients.

14. Nicole Smith, due to her position at Catalyst, needed and had access to all information on job applicants and client information related to new projects under development

**The Individual Defendants**

15.  In or around 2005, Timothy Smith was hired by Catalyst as a Network Engineer.

16.   Mr. Smith was later promoted to the position of Project Manager, then Director of Infrastructure, and finally to the position of Managing Principal & Chief Operating Officer ("COO").

17. In this position, Mr. Smith was well-compensated, receiving a high six-figure salary for his work.

18.  Nicole Smith is the wife of Timothy Smith.

19.  Nicole Smith was hired by Catalyst in or around August 2017 as a part time contractor to assist her spouse, Timothy Smith, who was then COO, to provide recruitment and talent acquisition services for Catalyst.

FILED DATE: 4/11/2025 11:52 AM  2025CH04094

20.  In or around January 2023, Nicole Smith began a full-time position. Her role was expanded to include assisting Chief Revenue Officer Eric Talwar with proposals for prospective and current clients and recruitment/talent acquisition.

**The Defendants Start Competing**

21.  In July 2024, Mr. Smith's job performance started suffering.

22.  Mr. Smith began to work less and did not maintain client relationships adequately, among other problems.

23. Upon information and belief, he knew he was intending to quit and neglected his job while contentedly accepting his substantial six-figure salary.

24.  In or around December 2024, Mr. Smith tendered his resignation.

25.  Shortly after Mr. Smith resigned as Catalyst's Managing Principal and CEO, Arvin Talwar scheduled a meeting with Nicole Smith.

26.  Arvin asked Mrs. Smith whether she could continue in her role based on the conflict and issues between Catalyst and her husband.

27.  Mrs. Smith answered affirmatively.  She expressed her desire to remain as an employee with Catalyst and made promises that she could keep her personal interests and work separate.

28. She said she could continue in her role and continue to work to benefit Catalyst.

29. Catalyst reasonably relied on Mrs. Smith's representations and kept her in her position.

4

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

30.  On or about February 24, 2025, Mr. Smith reached out to Stephanie Perrin, Vice President of Delivery at Catalyst, and asked to set up a conversation with her.

31.  On or about March 4, 2025, Ms. Perrin and Mr. Smith had a remote meeting over Microsoft Teams. *Id.*

32.  Mr. Smith asked Ms. Perrin to forward him confidential Catalyst documents and asked for information about ongoing business matters.

33.  On or about March 20, 2025, Eric Talwar had a meeting over Microsoft Teams with Mrs. Smith.

34.  During the meeting, Mrs. Smith voluntarily shared her screen with Eric.

35.  Eric saw on Mrs. Smith's screen texts between Mr. and Mrs. Smith that discussed her forwarding applications for positions at Catalyst to him, to be sent to Provisio.

36.  Eric took a screenshot of these texts. *See* **Exhibit A**.

37.  The texts stated as follows:

   a.  Mrs. Smith asked Mr. Smith "[a]s I'm going through resumes for the dip shit squad do you want me to pull any for [P]rovisio? Of the good ones[.]" *Id.*
   b.  Mr. Smith replied "[y]eah I would. . . Make life easier in a few weeks or month[s.]" *Id.*
   c.  Mrs. Smith then replied "I'm looking at Sr SA/team lead, SA, PM, BA, jr BA." *Id.*
   d.  In response, Mr. Smith stated "[t]hose are all the roles we'll need[.]" *Id.*

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

38.  Provisio is a direct competitor of Catalyst's, and it provides similar technology services to businesses and government agencies, mainly in the Chicago area.

39.  Mrs. Smith's employment was terminated.

40.  Before her termination, Mrs. Smith had extensive access to information regarding both clients and job applicants.

41.  Catalyst's industry is one in which talent, especially talent for senior positions, is both mission-critical and of limited supply.

42.  Part of Mrs. Smith's job was to develop new proposals.  In that role she would have had access to client data at the most sensitive stage of developing a business relationship.

43.  As Managing Principal and COO, Mr. Smith would have had access to virtually all of Catalyst's internal confidential information and had relationships with all of Catalyst's clients.

44.  Upon information and belief, both Mr. and Mrs. Smith gathered and disclosed to Provisio data from Catalyst regarding job applicants both during and after their term of employment.

45. Upon information and belief, both Mr. and Mrs. Smith likely illegally gathered and disclosed to Provisio data from Catalyst regarding clients and internal processes and procedures, both during and after their term of employment.

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

46. Provisio has information about with whom Mr. Smith shared the confidential information and who used the same, enabling Catalyst to identify responsible parties.

47. Catalyst seeks requests for production, interrogatories, and a deposition of Provisio to determine the above-referenced facts, and seeks an order authorizing the same.

**Count I**
**Breach of Fiduciary Duty (against Timothy and Nicole Smith)**

48. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 47 as if fully set forth herein.

49. Mr. Smith, as an officer and employee of Catalyst, owed a duty of loyalty to Catalyst.

50. Mrs. Smith, as an employee of Catalyst, owed a duty of loyalty to Catalyst.

51. Defendants breached this duty by working on his new business on Catalyst's time and ignoring his Catalyst duties in favor of establishing new business with Provisio, at least from July 2024 through the end of their employment.

52. Defendants breached this duty by taking Catalyst's information for a competing business, including client and applicant information and other confidential information regarding business processes.

53. Catalyst was damaged by the Defendants' breach of fiduciary duty in the following ways:

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

    a.  Paying Defendants while at the same time Defendants were working on plans to be competitors,

    b.  through the loss of clients,

    c.  through the loss of applicants and damages necessitated by restarting its hiring processes,

    d.  through the loss of its proprietary and confidential information, and

    e.  through the resulting loss in market share and competitiveness.

54. The Smiths' actions were intentional as well as willful and wanton.

WHEREFORE, Catalyst requests that the Court award damages in an amount proven at trial, punitive damages, disgorgement, preliminary and permanent injunctive relief, and for such other relief as this Court deems just against the Defendants.

**Count II**
**Aiding and Abetting Breach of Fiduciary Duty (against Timothy Smith)**

55. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 47 as if fully set forth herein.

56. Mrs. Smith, as an employee of Catalyst, had a fiduciary duty of loyalty to Catalyst.

57. Mr. Smith was aware that Mrs. Smith was an employee of Catalyst and had a fiduciary duty to Catalyst.

58. Mrs. Smith breached this duty by providing her husband with confidential information which he was using to aid a competitor and create a new business while ignoring her Catalyst duties in favor of establishing the new business with Provisio.

59. Mrs. Smith breached this duty by taking Catalyst's information and providing it to a competing business, including applicant information.

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

60.  Mr. Smith aided and abetted Mrs. Smith's breach of her fiduciary duty by knowingly receiving Catalyst's confidential business information from Mrs. Smith and transferring that information to a competitor, Provisio, and actively encouraged her to do so.

61. Catalyst was damaged by the Defendants' breach of fiduciary duty in the following ways:

   a.  Paying Defendants while at the same time Defendants were working on plans to be competitors,
   b.  through the loss of clients,
   c.  through the loss of applicants and damages necessitated by restarting its hiring processes,
   d.  through the loss of its proprietary information, and
   e.  through the resulting loss in market share and competitiveness.

62. Mr. Smith's actions were intentional as well as willful and wanton.

   WHEREFORE, Catalyst requests that the Court award damages in an amount proven at trial, punitive damages, disgorgement, preliminary and permanent injunctive relief, and for such other relief as this Court deems just against Defendant.

### Count III
### Fraud (against Nicole Smith)

63. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 47 as if fully set forth herein.

64. In a meeting with Arvin Talwar, after Mr. Smith's resignation, Arvin asked Mrs. Smith whether she could continue in her role based on the conflict and issues between Catalyst and her husband.

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

65.  Mrs. Smith answered affirmatively.  She expressed her desire to remain as an employee with Catalyst and made promises that she could keep her personal interests and work separate.

66. She said she could continue in her role and continue to work to benefit Catalyst.

67. The statements in paragraphs 65 and 66 ("Representations") were false.

68.  Mrs. Smith knew Representations were false at the time she made them.

69. In fact, Mrs. Smith wanted to stay with Catalyst to be a source for Mr. Smith, using Catalyst's resources to obtain information to benefit Mr. Smith and his competition.

70.  Mrs. Smith knew that Mr. Smith had already or would soon be divulging Catalyst's confidential and proprietary information to a competitor.

71.  Mrs. Smith made the Representations with the intent to induce Arvin Talwar to continue her employment, and thus allow her to assist Mr. Smith in transferring confidential, proprietary information and trade Secrets of Catalyst's to its competitor Provisio.

72. Catalyst reasonably relied on the Representations, allowing Mrs. Smith to keep her job.

73. Mrs. Smith did not intend to honor the promises when she made them.

10

FILED DATE: 4/11/2025 11:52 AM 2025CH04094

74. The Representations were part of a scheme to defraud Catalyst, concocted by herself and Mr. Smith, whereby they would convince Catalyst to keep Mrs. Smith on staff and she would be the conduit for the theft of Catalyst's information.

75. She repaid this trust by funneling confidential information to Mr. Smith to help him compete.

76. Catalyst was damaged by Mrs. Smith's fraud:

    a. By paying Mrs. Smith after the Representations were made when she was acting in a hostile manner to Catalyst and stealing its information for her husband's benefit,

    b. through the loss of applicants and damages necessitated by restarting its hiring processes,

    c. through the loss of its proprietary information, and,

    d. through the resulting loss in market share and competitiveness.

77. Mr. Smith's actions were intentional as well as willful and wanton.

WHEREFORE, Catalyst requests that the Court award damages in an amount proven at trial, punitive damages, disgorgement, preliminary and permanent injunctive relief, and for such other relief as this Court deems just against Defendant.

### Jury Demand

Plaintiff demands trial by jury of all issues so triable.

Respectfully submitted,

Dated: April 11, 2025

/s/Michale Haeberle
Michael Haeberle
David Moskowitz
Patterson Law Firm, LLC
200 W. Monroe St., Suite 2025
Chicago, IL 60606
Ph: 312-223-1699
Fx: 312-2238549

11

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

mhaeberle@pattersonlawfirm.com
dmoskowitz@pattersonlawfirm.com
cmarte@pattersonlawfirm.com
Firm# 45052
Attorneys for Plaintiff

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

## Verification

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Catalyst Consulting Group, Inc.

By: _____

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

| | |
|---|---|
| Catalyst Consulting Group, Inc., | |
| Plaintiff | Case# |
| v. | **JURY TRIAL DEMANDED** |
| Timothy Smith and Nicole Smith | |
| Defendants | |
| And | |
| Provisio Partners Illinois, LTD., | |
| Respondent in Discovery | |

**Affidavit Pursuant to Supreme Court Rule 222(b)**

Michael Haeberle, being first duly sworn on oath, deposes and states as follows:

1. I am one of the attorneys for Plaintiff, Catalyst Consulting Group, Inc., in this cause.

2. The total amount of money damages sought in this cause exceeds $50,000.

Further, affiant sayeth naught.

_____

Michael Haeberle

FILED DATE: 4/11/2025 11:52 AM   2025CH04094

**EXHIBIT A**

